UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

STUEBING AUTOMATIC         Case No. 1:16-cv-576
MACHINE COMPANY,         Dlott, J.
    Plaintiff,         Litkovitz, M.J.

vs.

ALLAN GAVRONSKY, doing         **ORDER**
business as MATAMOROS
MACHINE SHOP, et al.,
    Defendants.

This matter is before the Court on pro se defendant Allan Gavronsky's motion to disqualify plaintiff's counsel (Doc. 21) and plaintiff's response in opposition (Doc. 25).

# I. Background

Plaintiff Stuebing Automatic Machine Company produces metal calendar slides and calendar hangers. (Doc. 1 at ¶ 10). According to plaintiff, it purchased the assets of the former Stuebing Automatic Machine Company ("Old Stuebing") in July 2012 from shareholders Murray Blumberg and defendant Gavronsky. (Id. at ¶ 11). Plaintiff's acquisition of Old Stuebing included goodwill, customer lists, patents, and other trade secrets. (Id. at ¶ 12). While defendant Gavronsky was employed by Old Stuebing, he was issued U.S. Patent No. 6,988,330 entitled "CALENDAR SLIDE" ("the Patent"). (Id. at ¶ 15). Plaintiff alleges the Patent was assigned to it as part of the July 2012 sale of assets. (Id. at ¶ 17). Plaintiff alleges that in 2013, defendant Gavronsky opened Matamoros Machine Shop ("Matamoros") in Texas, purchased metal from the same supplier used by plaintiff and Old Stuebing, manufactured infringing calendar slides ("the accused product"), and sold the accused product, including to plaintiff's customers. (Id. at ¶ 21). Plaintiff further alleges that in 2014, defendant Gavronsky sold Matamoros to defendant

Steve Lerma, who continues to manufacture and sell the accused product. (*Id.* at ¶ 22). Based on these allegations, plaintiff has brought a claim of patent infringement against defendants under 35 U.S.C. § 271(a). (*Id.* at ¶¶ 34-38).

## II. Defendant Gavronsky's Motion to Disqualify

In his motion, defendant Gavronsky asserts that plaintiff's employment of counsel creates a conflict of interest because plaintiff's counsel previously had an attorney-client relationship with defendant Gavronsky. (Doc. 21 at 1-2). Defendant Gavronsky asserts plaintiff's counsel "represented [Old Stuebing] of which Defendant [Gavronsky] was an owner and officer thereof." (*Id.* at 2).

Plaintiff responds that at the time defendant Gavronsky was an owner and officer, counsel represented Old Stuebing in its corporate capacity, not defendant Gavronsky personally, and, thus, there is no conflict of interest. (Doc. 25 at 1-4).

## III. Legal Standard

In contrast to its previous practice of relying on common-law precedent, the Sixth Circuit now relies primarily on the codified Rules of Professional Conduct in determining questions of lawyer disqualification in a given case.[1] *Best v. Mobile Streams, Inc.*, No. 1:12-cv-564, 2013 WL 122108, at *2 (S.D. Ohio Jan. 9, 2013) (citing *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Alticor, Inc.*, 466 F.3d 456, 457 (6th Cir. 2006), *vacated in part on other grounds*, 472 F.3d 436 (6th Cir. 2007) ("applying these accepted rules will lead to greater uniformity and predictability

---

[1] For this reason, the Court declines plaintiff's invitation to apply the three factor common law test set forth in *Dana Corp. v. Blue Cross & Blue Shield Mut. of N. Ohio*, 900 F.2d 882, 889 (6th Cir. 1990), which provides for disqualification where (1) a past attorney-client relationship existed between the party seeking disqualification and the attorney it seeks to disqualify; (2) the subject matter of those relationships was/is substantially related; and (3) the attorney acquired confidential information from the party seeking disqualification. The undersigned also notes that this Court has not applied the *Dana* test in recent cases addressing attorney disqualification issues. *See, e.g., Best v. Mobile Streams, Inc.*, No. 1:12-cv-564, 2013 WL 122108, at *2 & n.1 (S.D. Ohio Jan. 9, 2013); *R.E. Kramig Co., Inc. v. Resolute Mgmt., Inc.*, No. 1:07-cv-658, 2009 WL 1395342, at *4 (S.D. Ohio May 18, 2009); *OneBeacon Am. Ins. Co. v. Safeco Ins. Co.*, 1:07-cv-358, 2008 WL 4059836, at *2 (S.D. Ohio Aug. 25, 2008).

with regard to the ethical code of conduct")). For purposes of this case, the Ohio Rules of Professional Conduct govern whether disqualification of counsel is warranted because of a conflict of interest arising from the representation of a former client. *Id.* (citing *OneBeacon Am. Ins. Co.*, 2008 WL 4059836, at *2). *See also* S.D. Ohio Civ. R. 83.3(h) (providing that the conduct of attorneys and the supervision of their conduct in this Court "shall be governed by the Model Federal Rules of Disciplinary Enforcement," which in turn provide that this Court abides by "the Code of Professional Responsibility adopted by the highest court of the state in which this Court sits.").[2]

The duty of a lawyer to a former client is governed by Ohio R. Prof'l Conduct 1.9, which provides in relevant part:

> (a) Unless the former client gives informed consent, confirmed in writing, a lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interest of the former client.

Ohio R. Prof'l Conduct 1.9(a). Further, Ohio Rule of Professional Conduct 1.13 provides:

> A lawyer employed or retained by an organization represents the organization acting through its constituents. A lawyer employed or retained by an organization owes allegiance to the organization and not to any constituent or other person connected with the organization. The constituents of an organization include its owners and its duly authorized officers, directors, trustees, and employees.

Ohio R. Prof'l Conduct 1.13(a).

**IV. Resolution**

Here, defendant Gavronsky has not established that plaintiff's counsel ever personally represented him. Instead, defendant Gavronsky asserts only that plaintiff's counsel "represented [Old Stuebing] of which Defendant [Gavronsky] was an owner and officer thereof." (Doc. 21 at

---

[2] Ohio adopted the Rules of Professional Conduct in 2007 to replace the Ohio Code of Professional Responsibility. *See Carnegie Cos., Inc. v. Summit Props., Inc.*, 918 N.E.2d 1052, 1060 (Ohio Ct. App. 2009).

3

2). This assertion is insufficient to establish a past attorney-client relationship between defendant Gavronsky and plaintiff's counsel. *See* Ohio R. Prof'l Conduct 1.13(a). Specifically, defendant Gavronsky has failed to present evidence that "he reasonably believed that [plaintiff's counsel] represented his personal interests" in its prior representation of Old Stuebing. *Nilavar v. Mercy Health Sys.-W. Ohio*, 143 F. Supp.2d 909, 913 (S.D. Ohio 2001). *See also Hustler Cincinnati, Inc. v. Cambria*, 625 F. App'x 712, 716 (6th Cir. 2015) (holding that exchange of confidential information from an employee of a corporation to the corporation's counsel, consistent with the employee's role in the corporation, did not establish a personal attorney-client relationship between the employee and counsel). Additionally, defendant Gavronsky has presented no evidence that he personally paid plaintiff's counsel for any past legal services. *See id.* at 716-17 (considering this as a factor in determining whether an attorney-client relationship existed).

In short, defendant Gavronsky has failed to provide the Court with any evidence to establish that plaintiff's counsel had a prior attorney-client relationship with defendant Gavronsky personally that was independent of any relationship plaintiff's counsel had with Old Stuebing. Accordingly, defendant Gavronsky's motion to disqualify plaintiff's counsel (Doc. 21) is **DENIED**.

**IT IS SO ORDERED.**

Date: 12/19/16

Karen L. Litkovitz
United States Magistrate Judge